Bouna CAMARA, Petitioner,

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 06–3183–ag.

United States Court of Appeals, Second Circuit.

Feb. 26, 2007.

Joseph A. Sena, White Plains, New York, for Petitioner.

Jesse M. Bless, Office of Immigration Litigation, Civil Division (Peter D. Keisler, Assistant Attorney General, Civil Division and David V. Bernal, Assistant Director, on the brief), Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. WALKER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Bouna Camara, a native and citizen of Mali, seeks review of a June 8, 2006 order of the BIA affirming the December 22, 2004 decision of Immigration Judge ("IJ") Brigitte Laforest denying Camara's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bouna Camara*, No. A 70 892 962 (B.I.A. June 8, 2006), *aff'g* No. A 70 892 962 (Immig. Ct. N.Y. City Dec. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

 As an initial matter, while the Government's argument that Camara has waived each of his claims is not unfounded, we deem waived only Camara's CAT claim. Although Camara has come perilously close to waiving each of his claims, he has set forth the relevant legal standards for asylum and withholding of removal, and generally argues that he established past persecution and a well-founded fear of persecution through his credible testimony. On the other hand, Camara has failed meaningfully to challenge the BIA's and IJ's denial of his request for relief under the CAT. Accordingly, we deem this claim waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338–41 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

 Here, substantial evidence supports the BIA's and IJ's determination that Camara failed to establish past persecution. Camara testified that Fulanis raided his crops and livestock, and that they once shot at him and a neighbor, killing the neighbor. While he testified that he believed these acts were carried out against him because he was of Soninke ethnicity, he did not allege facts to indicate that his ethnicity motivated the actions of the Fulanis, nor did he provide evidence that the Malian government was unable or unwilling to control the Fulanis. *See* 8 C.F.R. § 1208.13(b)(1) (requiring that persecution be *"on account of* race, religion, nationality, membership in a particular social group, or political opinion") (emphasis added). Moreover, the acts he alleged that the Fulanis committed may not constitute persecution. *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985) (defining persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive"); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006) (finding that harm must be sufficiently severe, rising above "mere harassment").

Indeed, witnessing a neighbor's death, standing alone, does not amount to persecution. *Cf. Jorge–Tzoc v. Gonzales,* 435 F.3d 146, 150 (2d Cir.2006) (holding that a Mayan Guatemalan asylum applicant who was not present at or directly victimized by a massacre in his village may have nonetheless experienced persecution based, in part, on the combination of his young age at the time and his having witnessed his cousin's bullet-ridden body). Camara therefore failed to establish past persecution and was not entitled to the presumption of a well-founded fear of future persecution.

■ Additionally, substantial evidence supports the BIA's and IJ's findings that Camara failed to establish a well-founded fear of future persecution in Mali. The letters from his mother and brother indicated that more livestock had been stolen since Camara left the country, "fighting" had occurred, a drought was making it difficult to find food, jobs were scarce, and his brother's children could not attend school because the family was unable to pay tuition. However, neither letter indicated that these circumstances were caused by Fulanis on account of the family's ethnic group. Because the BIA and IJ reasonably found that Camara failed to establish a well-founded fear of persecution based on any suffering the Fulanis may have caused his family members in Mali we need not reach the agency's relocation finding.

■ Furthermore, while Camara alleges that children in Mali are kidnaped and sold into slavery, there is no indication as to how frequently, where, or under what circumstances such abductions occurred. Without any "solid support" in the record that Camara's children would be kidnaped, this claim is merely "speculative at best." *Cf. Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005).

■ Because Camara was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

■ Camara's claim that the IJ violated his due process rights is also unavailing. First, Camara has failed to articulate the manner in which the IJ applied an "excessive standard" in adjudicating his claim. In addition, the record indicates that the IJ appropriately rejected the testimony of Camara's witness. Camara did not inform the IJ that he had a witness until the merits hearing had actually commenced and the IJ questioned him as to the identity of the additional person in the courtroom. The IJ reasoned that she would not allow the witness to testify because she had not been given any evidence to indicate that he was an expert, or an affidavit as to the subject matter of his testimony, and the Government had been unable to access the witness's own record of proceedings. Under these circumstances, the IJ's rejection of Camara's witness was "fundamentally fair," *Cf. Felzcerek v. INS,* 75 F.3d 112, 115 (2d Cir.1996) (emphasizing that the due process test for admissibility of evidence in a deportation hearing "is whether the evidence is probative and whether its use is fundamentally fair") (internal quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).