**HUA CONG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Michael Mukasey, Attorney General, Respondent.**

**No. 08–0010–ag.**

United States Court of Appeals, Second Circuit.

Dec. 30, 2008.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Wayne Zhu, Flushing, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Mark C. Walters, Assistant Director, Thomas B. Fatouros, Attorney, Anh–Thu P. Mai–Windle, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Hua Cong, a native and citizen of China, seeks review of a December 12, 2007 order of the BIA affirming the March 8, 2006 decision of Immigration Judge ("IJ") Stephen Abrams, which denied Cong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Cong,* No. A98 906 304 (B.I.A. Dec. 12, 2007), *aff'g* No. A98 906 304 (Immig. Ct. N.Y. City Mar. 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly adopt the IJ's decision, but its brief opinion closely tracks and supplements the IJ's reasoning, we review both the IJ's and the BIA's opinions together. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir. 2006); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We accord particular deference to an IJ's adverse credibility findings. *See Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d Cir.2008). We review questions of law and the application of law to undisputed fact *de novo. See Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008). We conclude that the IJ's adverse credibility finding is supported by substantial evi-

dence and that Cong's due process claim is without merit.

## I. Asylum and Withholding of Removal

Cong challenges the agency's adverse credibility determination with regard to her membership and involvement in the CDP and an alleged forced abortion in 1995. Cong does not object to the agency's denial of relief based on her claims that she was threatened and incarcerated for protesting against lenient sentences imposed upon her husband's murderers, or the agency's finding that she fails to qualify for relief under the CAT. Those claims are therefore waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

■ The IJ found Cong's testimony regarding her position in the CDP not credible. Cong testified that she was an executive director and vice secretary of labor for the CDP. The IJ noted, however, that Cong was not able to articulate her duties, and that the evidence in the record did not indicate that such a position existed in the party. The IJ also found that, although Cong claimed that knowledge of U.S. labor practices was required for her position as vice secretary of labor in the CDP, Cong was not able to expound on this knowledge, other than to explain that she worked part-time. Finally, the IJ found that Cong's testimony was not credible in light of her fellow CDP member's affidavit, which identified Cong only as a member of CDP and undermined Cong's testimony about her involvement in distributing CDP materials.

The IJ also found not credible Cong's claim that she was forced to undergo an abortion in 1995. The IJ specifically noted Cong's demeanor, observing that Cong testified about her forced abortion "by rote." The IJ also noted that Cong did not raise her forced abortion claim in her initial asylum application. In certain circumstances, it may be error for the agency to base an adverse credibility finding on omissions from an applicant's written asylum application. *Cf. Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir.2006). Given the IJ's other findings regarding Cong's credibility, however, it was not improper for the IJ to require corroboration for Cong's claim, *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007), or to find that Cong's failure to include such a central component of her claim in her first petition—a basis for relief on its own—undermined her credibility, *see Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

We conclude that, on the entire record, the IJ's adverse credibility finding is supported by substantial evidence. *See Ying Li v. BCIS,* 529 F.3d 79, 80 (2d Cir.2008); *Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir.2007). "The IJ could conclude that [Cong's] account, taken all in all, is implausible; and so we cannot say that any reasonable adjudicator would be compelled to conclude that she testified credibly." *See Ying Li v. BCIS,* 529 F.3d at 80.

Because Cong's claim for withholding of removal was premised on the same factual basis as her asylum claim, the adverse credibility determination as to her asylum claim necessarily precludes success on her withholding claim. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

## II. Due Process

■ In the context of an immigration hearing, due process requires that an asylum applicant be given "a full and fair hearing on [her] claims." *Aslam v. Mukasey,* 537 F.3d 110, 114 (2d Cir.2008) (internal quotations omitted). Cong argues that she was denied due process because the IJ refused to permit the testimony of a fellow member of the China Democracy Party

("CDP") on grounds that Cong had not provided the court or the Government with adequate notice that the witness was to appear. Cong does not challenge the IJ's finding that she failed to provide adequate notice.

The IJ's refusal to permit testimony from Cong's undisclosed witness is consistent with Immigration Court rules. *See* U.S. Department of Justice, Executive Office for Immigration Review, Board of Immigration Appeals, Practice Manual, Section 3.1(d)(ii) ("[I]f a witness list is untimely, the witnesses on the list are barred from testifying."), Appendix D (setting forth deadlines and noting that filings are due 15 days prior to master calendar and individual hearings), available at *http://www.usdoj.gov/eoir/vll/qapracmanual/pracmanual/chap3.pdf* (last visited Oct. 27, 2008); *cf. Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir.2006) (discussing district court's authority to exclude undisclosed evidence pursuant to Fed.R.Civ.P. 37). Significantly, however, the IJ admitted and considered an affidavit from Cong's uncalled witness. The IJ found that the witness's affidavit undermined Cong's testimony about the extent and nature of Cong's involvement in the CDP. Cong now argues that the IJ should have permitted her to examine the affiant, not in support of Cong's claim to CDP involvement, but rather to impeach the affiant's knowledge of Cong's involvement with the CDP. At the hearing, however, Cong did not object to the IJ's reliance on the affidavit nor did she suggest that the witness's affidavit might be inconsistent with the anticipated hearing testimony. Under these circumstances, where Cong has not demonstrated that the uncalled witness could have offered any evidence favorable to her claim for relief, we identify no merit in her argument that she was denied a full and fair hearing. *See Dedji v. Muka-*

*sey,* 525 F.3d 187, 191 (2d Cir.2008) (recognizing an IJ's discretion in setting and enforcing filing deadlines); *Camara v. Department of Homeland Sec.*, 218 Fed.Appx. 61, 64–65 (2d Cir.2007) (finding no due process violation when IJ excluded undisclosed witness); *see also Romanishyn v. Att'y Gen. of U.S.*, 455 F.3d 175, 186 (3d Cir.2006) (finding no due process violation where petitioner "was permitted to submit affidavits from the witnesses the court did not allow him to call, and the court considered those affidavits"). Nor do we identify any merit in Cong's conclusory claims of bias by the IJ.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).